UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                     Crim. No. 14-289(11) (SRN/JSM)

    Plaintiff,                                **REPORT AND RECOMMENDATION**

v.

JESUS SOTELO-VALDOVINOS,

    Defendant.

The above matter came before the undersigned on Defendant's Pre-Trial Motion to Sever Defendant [Docket No. 158]. Allen A. Slaughter, Esq. appeared on the Government's behalf. Philip Leavenworth, Esq. appeared on defendant's behalf. This Court issued an Order on Motions dated March 30, 2015, reserving defendant's motion to sever to permit additional briefing. [Docket No. 211].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A), (B), and Local Rule 72.1(c).

## I.   FACTUAL BACKGROUND

The United States filed a superseding indictment against several defendants alleged to be involved in a narcotics conspiracy. Superseding Indictment [Docket No. 15]. Defendant Jesus Sotelo-Valdovinos was indicted on one count of Conspiracy to Distribute Methamphetamine and Marijuana and one count of Distribution of Methamphetamine in September, 2014. Id., pp. 2-3, 10.

Sotelo-Valdovinos moved for severance, requesting that he be tried separately from his co-defendants pursuant to Fed. R. Crim. P. 8 and 14. Defendant's Pre-Trial Motion to Sever ("Def.'s Pre-Trial Mot."), p. 2 [Docket No. 158].

Sotelo-Valdovinos claims to be an "expert" spiritual leader in the Santa Muerte religion.  Id.  He is an hechiero or shaman.  Id., pp. 2–3.  Practitioners of the Santa Muerte religion worship and request favors of Santa Muerte, a female skeleton icon representing the Saint of Death.  Id.  When requesting Santa Muerte's aid, adherents light colored candles as offerings.  Id.  The use of tarot cards, candles, potions, and prayers are central to their practice.  Id.

Sotelo-Valdovinos alleged that he reads tarot cards and recommends suitable potions and prayers to those seeking Santa Muerte's aid and has conducted such activites at his place of business.  Id., pp. 3–4.  According to Sotelo-Valdovinos, if his trial is not severed, prejudice will arise from the factfinder's lack of appreciation and understanding of his role in the Santa Muerte religion.  Id.  Similarly, Sotelo-Valdovinos asserted that his "guilt or innocence may well depend on the factfinder having full appreciation of the cultural function [the defendant] performs within the Santa Muerte folk religion."  Id., p. 4.  Sotelo-Valdovinos reasoned that without a full understanding of his role in Santa Muerte, the jury may construe phrases that are spiritual in nature as conspiratorial phrases, (id.), and that "the prospects for confusion of evidence are high." Defendant's Supplemental Memorandum in Support of Motion to Sever ("Def.'s Suppl. Mem."), p. 2 [Docket No. 207].  Further, Sotelo-Valdovinos believes that the jury's ability to understand the nuances of his role in the alleged conspiracy will be clouded by distracting "piles of meth and cash" that were seized from co-defendants.  Id.; Def.'s Pretrial Mot., p. 4.  The foregoing, he argued, creates a difference in circumstances that warrants a separate trial.  Id.  Sotelo-Valdovinos also raised a First Amendment argument, stating that there may be confusion about whether his conversations

2

implicate the First Amendment.[1] Def.' Pretrial Mot., pp. 3-4; Def's Suppl. Mem., pp. 1-2.

The Government opposed the motion on the grounds that Sotelo-Valdovinos will not be prejudiced and the need for a joint trial outweighs any potential prejudice suggested by Sotelo-Valdovinos. See Government's Consolidated Response to Defense Discovery Motions ("Gov't Consol. Resp."), pp. 16, 19 [Docket No. 193]; Gov't Suppl. Response, pp. 6–7. The Government submitted that evidence of a drug conspiracy is germane to multiple defendants, including Sotelo-Valdovinos. Id., pp. 6–7. The Government further argued that Sotelo-Valdovinos's relationship to the co-defendants was not that of a Santa Muerte spiritual counselor, but purely that of a drug trafficking co-conspirator who had frequent communications with co-defendants about the location and movement of narcotics. Id., pp. 3–5, 6; Gov't Consol. Mot., pp. 15–16.

## II. LEGAL STANDARD

The trial of two or more defendants may be joined "if [the indicted defendants] are alleged to have participated in the same act or transaction . . . constituting an offense or offenses." Fed. R. Crim. Pro. 8(b). Joinder under Rule 8(b) is proper even when all defendants are not charged in each count. Id. "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993); see also United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996) ("The presumption against severing properly joined cases is strong."); United States v. McArthur, No. 12-26 (JRT/JSM), 2013 WL 101925, at *3 (D. Minn. Jan. 8, 2013) ("There is a preference for joint trials . . . ."). This preference is especially

---

[1] The Government contended that any First Amendment claims were irrelevant. Government's Supplemental Response to Motion to Sever ("Gov't Suppl. Response"), p. 2 [Docket No. 208]. Relevant or irrelevant, Sotelo-Valdovinos's argument is so poorly developed that it played no part in the Court's recommendation.

strong in cases where "proof of conspiracy overlaps" between indicted co-conspirators. United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996); see also United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991) ("We have consistently held that persons charged with conspiracy should generally be tried together.")

Rule 8(b) joinder plays a "vital role" in achieving efficiency and avoiding the "inequity of inconsistent verdicts." Zafiro, 506 U.S. at 537 (citing Richardson v. Marsh, 481 U.S. 200, 209, 210 (1987)); United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) ("[A] joint trial gives the jury the best perspective on all evidence and, therefore, increases the likelihood of a correct outcome.") (internal citations omitted).

A district court has discretion to sever a trial where "a defendant shows that he is prejudiced" by a joint trial. United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998); see also Fed. R. Crim. P. 14. However, it is "the rare case, if ever, where a district court should sever the trial of alleged co-conspirators." United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002); see also United States v. Mueller, 661 F.3d 338, 347 (8th Cir. 2011) ("Generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts" (quoting United States v. Arenal, 768 F.2d 263, 267–68 (8th Cir. 1985)). The prejudice "must be severe or compelling" for the district court to grant a motion to sever. Pherigo, 327 F.3d at 693 (citing United States v. Warfield, 97 F.3d 1014, 1018 (8th Cir. 1996)). Prejudice is sufficiently severe in cases where "the jury will be unable of compartmentalize the evidence as it relates to separate defendants." United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004). Further, the court must balance "the inconvenience and expense of separate trials against the prejudice

4

resulting from a joint trial." Pherigo, 327 F.3d at 693.

Should the district court elect not to exercise its discretion to sever a trial, the court can allay potential prejudice with "less drastic measures." Zafiro, 506 U.S. at 534. For example, the court may give the jury limiting instructions on how to weigh or consider certain evidence. Id.; United States v. Young, 753 F.3d 757, 779 (8th Cir. 2014) ("[W]e have noted that proper limiting instructions can alleviate or minimize any potential harm that co-defendants contract from evidence that reflects poorly on them.") (citations omitted).

### III. DECISION

Applying these standards, the Court recommends denying Sotelo-Valdovinos's motion to sever. The superseding indictment in this case clearly shows that the co-defendants "are alleged to have participated in the same act or transaction or in the same act or series of transactions constituting an offense or offenses." Fed. R. Crim. Pro. 8(b). Further, the Court concludes that the instant case is not one of the "rare case[s]" in which a severed trial is appropriate. See Frazier, 280 F.3d at 844.

A party requesting severance under Rule 14 must make "a specific showing that a jury could not reasonably be expected to compartmentalize the evidence." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (citing United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004); United States v. Lueth, 807 F.2d 719, 731 (8th Cir. 1986)). Sotelo-Valdovinos argued that he would be prejudiced by the jury's misunderstanding of his Santa Muerte religion and nuanced spiritual phrases will be confused with conspiratorial phrases. However, the Government's argument that Sotelo-Valdovinos is asserting a "speculative possibility" and not "potential real

prejudice" is persuasive. See Gov't Consol. Resp., p. 14. To be sure, Sotelo-Valdovinos makes a bare assertion that he will be prejudiced based on his role in the Santa Muerte religion. However, he did not make a specific showing that a jury would be incapable of properly weighing and considering evidence in light of his religious practices.

As for Sotelo-Valdovinos's concern that "piles of meth and cash" seized from other defendants to indict on other counts will be a "huge distraction" that will anger the jury and result in unfair prejudice, (Def.'s Pre-Trial Mot., p. 4), Rule 8(b) joinder does not require that all defendants be charged in each count. See Fed. R. Crim. P. 8(b). In United States v. McArthur, the superseding of indictment of multiple co-defendants contained a charge of murder—a charge that could incite a jury. However, the court held that the co-conspirators not involved in the murder were not improperly joined so as to be prejudiced. 2013 WL 101925, at *3. Rather, the court found that "justice is best served by trying the members of [the enterprise] together because a joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." Id. (citing United States v. Darden, 70 F.3d 1507, 1527–28 (8th Cir. 1995)). As in McArthur, the interests of justice will be served by allowing the jury to hear all of the evidence in its full context. The alleged conspiracy operated with the common goal of trafficking methamphetamine and marijuana. The interdependent role of every defendant in achieving this goal is vital for the jury to hear.

Additionally, the inconvenience and expense of separate trials outweighs any hypothetical prejudice to Sotelo-Valdovinos. See Pherigo, 327 F.3d at 693. The facts and evidence surrounding Sotelo-Valdovinos's role in the alleged conspiracy overlap

substantially with the activities of other co-defendants.  Gov't Consol. Resp., p. 15–16; Gov't Suppl. Resp. pp. 3–4.  Separate trials would be inefficient—requiring the prosecutor to present evidence "again and again"—and would also create the potential for inconsistent results.  Cf. Richardson v. Marsh, 481 U.S. 200, 210 (1987) (stating that, in general, the efficient one-time presentation of evidence and testimony of a joint trial allows the factfinder to better evaluate the "relative culpability" of each defendant).  The risk of inconsistency and inefficiency is greater than the risk of prejudice arising from Sotelo-Valdovinos's communications as an hechiero.

Lastly, even if prejudice had been shown, "Rule 14 does not require severance." Zafiro, 506 U.S. at 538 (emphasis added).  Instead, "it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  Id. at 538–39.  This Court finds that "less drastic measures" can be employed to mitigate any potential prejudice to Sotelo-Valdovinos.  See, e.g., id. at 534.  Sotelo-Valdovinos has not demonstrated that limiting jury instructions, nor any other remedy aside from Rule 14 severance, would fail to cure the potential misunderstandings arising from his role as a Santa Muerte shaman.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Sever Defendants [Docket No. 158] be **DENIED**.

Dated: April 16, 2015                                *Janie S. Mayeron*
                                                     JANIE S. MAYERON
                                                     United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 30, 2015**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.