UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-CR-289 (SRN/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| **Jesus Sotelo-Valdovinos (11)**, | |
| Defendant. | |

_____

Allen A. Slaughter, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, Minnesota 55101, on behalf of Plaintiff

Philip G. Leavenworth, Leavenworth Law Office, 182 Star Circle, Vadnais Heights, Minnesota 55127, on behalf of Defendant Jesus Sotelo-Valdovinos
_____

SUSAN RICHARD NELSON, District Judge

This matter is before the undersigned United States District Judge on Defendant Jesus Sotelo-Valdovinos' Objections [Doc. No. 256] to Magistrate Judge Janie S. Mayeron's April 16, 2015 Report and Recommendation ("R&R") [Doc. No. 237]. In the R&R, Magistrate Judge Mayeron denied Defendant's Pretrial Motion to Sever Trial [Doc. No. 158]. For the reasons set forth herein, Defendant's Objections are overruled and the R&R is adopted.

I.  **BACKGROUND**

In September 2014, the Government charged Sotelo-Valdovinos and eleven other Defendants in a superseding indictment alleging a narcotics conspiracy. (Superseding Indictment [Doc. No. 1].) Specifically, Sotelo-Valdovinos was charged with one count of Conspiracy to Distribute Methamphetamine and Marijuana and one count of Distribution of Methamphetamine. (Id. at 2-3; 10.)

Defendant claims to be a "hechiero," a Spanish term that he translates loosely as "fortune-teller, shaman, or witch doctor" in the Santa Muerte folk religion.[1] (Def.'s Mot. to Sever at 2-3 [Doc. No. 158].) Defendant moves to sever his trial from that of his co-defendants, arguing that a joint trial will result in prejudice due to the jury's lack of appreciation and understanding of his role in the Santa Muerte folk religion. (Def.'s Mot. to Sever at 2 [Doc. No. 158].) In particular, he contends that without a full understanding of his role as a Santa Muerte hechiero, the jury may misconstrue certain spiritual phrases and words as evidence of a conspiracy. (Id. at 4.) In addition, he argues that the jury's ability to grasp the nuances distinguishing spiritual phrases from conspiratorial ones will be clouded by "the piles of meth and cash that will dominate the trials of his codefendants." (Id.) Accordingly, he argues that his case should be tried

---

[1] As noted in the R&R, practitioners of the Santa Muerte folk religion worship Santa Muerte, a female skeleton icon representing the saint of death. (R&R at 2 [Doc. No. 237]) (citing Def.'s Mot. to Sever at 2-3 [Doc. No. 158].) Tarot cards, candles, potions, and prayers are involved in the practice of this folk religion. (Id.)

separately, in light of his unique circumstances.[2] (Id.)

In the R&R, Magistrate Judge Mayeron found that this case was not one of the "rare cases" warranting severance. (R&R at 5 [Doc. No. 237].) Rather, she found that the co-Defendants in this case were properly joined in that all are alleged to have participated in the same act or transaction or series of acts or transactions constituting an offense or offenses. (Id.) In addition, she determined that Sotelo-Valdovinos failed to make a specific showing that a jury would be incapable of properly weighing and considering the evidence in light of his Santa Muerte practices. (Id. at 5-6.) Finally, as to Defendant's argument of prejudice resulting from "spillover" evidence of "piles of meth and cash" evidence, the magistrate judge found that justice would be best served by a joint trial that gives the jury the opportunity to view the evidence in its full context. (Id. at 6.) Finally, Magistrate Judge Mayeron found that any hypothetical prejudice was outweighed by the inconvenience and expense of a separate trial. (Id. at 6.)

In his Objections, Defendant does not identify how Magistrate Judge Mayeron's recommendations demonstrate clear error. Instead, he restates his previous arguments that his Santa Muerte practices will be misconstrued as criminal in nature and that the jury will be too distracted by the "pile upon pile of drugs and money" entered as evidence

---

[2] In addition, Sotelo-Valdovinos alluded to a First Amendment argument in his Motion to Sever, but the magistrate judge found the argument so poorly developed that it played no part in her recommendation. (R&R at 3, n.1 [Doc. No. 237].) Defendant's Objections do not address the First Amendment, therefore the Court does not consider it here, as it forms no basis for his disagreement with the R&R.

against his co-defendants to consider Defendant's "quieter, but equally important, issues."

(Objections at 1-2 [Doc. No. 256].) The Government urges the Court to adopt the R&R, noting that Defendant's role as a shaman to his co-defendants actually supports a joint trial:

> [Defendant's] guidance as shaman to other co-defendants will be a part of the government's trial presentation for both Defendant Sotelo-Valdovinos and the co-defendants who sought his advice. His guidance as a Santa Muerte shaman was at times itself squarely within the realm of criminality and this criminal conspiracy in particular.

(Govt's Resp. at 2 [Doc. No. 267].) The Government also notes that joinder is particularly appropriate now, given that one of Defendant's co-conspirators, Alfredo "Rito" Basurto-Herrera, who has been a fugitive since October 2014, has recently been located, arrested, and brought to the District of Minnesota for trial. (Id.)

## II.   DISCUSSION

### A.   Standard of Review

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980). A nondispositive matter is one that "does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). "A motion to sever is a nondispositive motion." United States v. Morris, 12-CR-26(6) (JRT/JSM), 2012 WL 6194402, at *5 (D. Minn. Dec. 12, 2012) (citing United States v. Ortiz, No. 08–CR–231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011)). The Court will reverse such an order only if it is clearly erroneous or contrary to law. See 28

4

U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. L.R. 72.2(a).  However, this Court's ruling on Defendant's motion to sever would be the same even under a de novo standard of review.

    **B.**    **Propriety of Joinder of Defendants**

The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment.  United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982); United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977).  If the Court determines that joinder is proper under Rule 8, the Court has the discretion to order a severance under Rule 14 if the joinder of defendants appears to prejudice a defendant or the government.  United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).  These rules are liberally construed in favor of joinder.  Id.  (citing United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)).

In cases involving multiple defendants who are not all charged with each offense, the analysis of the joinder of offenses is governed by Rule 8(b).  United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1453-54 (8th Cir.1994); United States v. Jones, 880 F.2d 55, 61 (8th Cir.1989); Williams v. United States, 416 F.2d 1064, 1068 (8th Cir. 1969); United States v. Finn, 919 F.Supp. 1305, 1323 (D. Minn. 1995); see also 1A Charles Alan Wright, Federal Practice & Procedure § 144 (4th Ed. & Supp. 2010).  Rule 8(b) provides:

> **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

In general, "persons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts." United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986). As Magistrate Judge Mayeron noted, the preference for joint trial is especially strong in conspiracy cases, "where 'proof of conspiracy' overlaps between indicted co-conspirators.'" (R&R at 4 [Doc. No. 237]) (citing United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996)). The Eighth Circuit has similarly observed that "[r]arely, if ever, will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991) (citing United States v. Drew, 894 F.2d 965, 968 (8th Cir. 1990), cert. denied, 494 U.S. 1089 (1990)).

The first count in the Superseding Indictment charges a conspiracy violation for the distribution of methamphetamine and marijuana. (Superseding Indictment, Count 1 [Doc. No. 15].) The remaining counts consist of substantive charges against one or more defendants – including Sotelo-Valdovinos – for distribution or possession of methamphetamine and/or marijuana, identifying the particular dates on which the alleged transactions or possession occurred. (Id., Counts 2-10; 12-13; 16.) Certain defendants are also charged with money laundering in furtherance of the conspiracy. (Id., Counts 11; 14-15.) The Court finds that the magistrate judge properly determined that the Superseding Indictment sufficiently alleges that Defendants participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses. (R&R at 5

[Doc. No. 237]) (citing Fed. R. Crim. P. 8(b)).  Sotelo-Valdovinos was charged with participating in the conspiracy, in Count 1, and for the distribution of methamphetamine on August 5, 2014, in Count 16.  (Superseding Indictment, Counts 1; 16 [Doc. No. 15].) The Superseding Indictment "sufficiently allege[s] that the joined defendants and counts [are] factually interrelated."  Darden, 70 F.3d at 1526-27.  All defendants need not be charged in each count for joinder to be proper.  Fed. R. Crim. P. 8(b).  Sotelo-Valdovinos and his co-defendants were properly joined under Rule 8(b).

  **C.**  **Showing of Real Prejudice**

  As noted, even where joinder is proper, the Court has the discretion to order severance under Fed. R. Crim. P. 14.  Id. at 1526.   Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  "Judicial economy and legitimate public interests favor a joinder of all offenses against the accused." United States v. Dennis, 625 F.2d 782, 801 (8th Cir. 1980).  Accordingly, if joinder is proper under Rule 8, a defendant seeking severance "has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996).  "The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a

7

single defendant for multiple crimes."  Moreover, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro v. United States, 506 U.S. 534, 540 (1993) (citations omitted).  Therefore, a defendant seeking to sever his trial must show that a joint trial would cause "real prejudice."  United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004).  "Real prejudice" exists when "(a) [a defendant's] defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants."  Id. at 818 (citations omitted).

The magistrate judge properly found that the prejudice identified by Sotelo-Valdovinos failed to meet the standard for real prejudice. Sotelo-Valdovinos did not make the specific showing that a jury would be incapable of properly weighing and considering the evidence in light of his religious practices.  (R&R at 6 [Doc. No. 237].)  Rather, his claims constitute bare assertions of prejudice.  (Id.)  If evidence concerning Sotelo-Valdovinos' role in Santa Muerte will be presented to the jury, such evidence is best considered and weighed in its full context.  See United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) ("[A] joint trial gives the jury the best perspective on all evidence and, therefore, increases the likelihood of a correct outcome.") (internal citations omitted). Similarly, regarding Defendant's concerns about the spillover effect of drug-related evidence, the magistrate judge observed that a joint trial provides the best perspective on all of the evidence.  (R&R at 6 [Doc. No. 237]) (citing Darden, 70 F.3d at 1527-28.) There is nothing before the Court indicating that the jury would be unable to

compartmentalize evidence against each defendant.  See Williams, 97 F.3d at 244 (noting that the key inquiry in determining whether to try defendants jointly is whether the jury can compartmentalize evidence against each defendant).  Rather, "disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure, such as a curative instruction."  United States v. Spotted Elk, 548 F.3d 641, 658 (8th Cir. 2008).  To the extent that Sotelo-Valdovinos wishes to distinguish his role from that of his co-defendants, his counsel will have a full and fair opportunity to present his case, cross-examine witnesses at trial, and request limiting instructions.  The concerns identified in his motion, however, do not warrant severance of Sotelo-Valdovinos' case.  Finally, as Magistrate Judge Mayeron properly noted, the inconvenience and expense of separate trials outweighs any hypothetical prejudice to Defendant.  (R&R at 6 [Doc. No. 237]) (citing Pherigo, 327 F.3d at 693.)

For all of these reasons, the Court finds Magistrate Judge Mayeron's R&R denying Defendant's Motion to Sever is neither clearly erroneous or contrary to law.  Even applying a de novo standard of review, the Court would adopt Judge Mayeron's recommendation.  It is therefore adopted.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Jesus Sotelo-Valdovinos' Objections [Doc. No. 256] to Magistrate Judge Janie S. Mayeron's April 16, 2015 Report and Recommendation are **OVERRULED**; and

2. Magistrate Judge Mayeron's R&R of April 16, 2015 [Doc. No. 237] is **ADOPTED**.

Dated:   May 22, 2015                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge