UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Criminal No. 14-289(11) (SRN/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Jesus Sotelo-Valdovinos, | |
| Defendant. | |

---

Allen A. Slaughter, United States Attorney's Office, District of Minnesota, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the United States

Jesus Sotelo-Valdovinos, 2498 Roll Dr., Ste. 812, San Diego, CA 92154, Pro Se Defendant

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court are Defendant/Petitioner Jesus Sotelo-Valdovinos' Pro Se Motions for Expungement [Doc. Nos. 738 & 739].[1]  For the reasons set forth below, Mr. Sotelo-Valdovinos' motions are denied.

---

[1] The two motions are identical.  Mr. Sotelo-Valdovinos filed the first motion in this criminal matter, as reflected in the caption [Doc. No. 738 at 1].  He attempted to file the second motion in case number 14-mj-161 (TNL) [Doc. No. 739 at 1]—a case number assigned to an application by the Government to obtain a search warrant.  Because Mr. Sotelo-Valdovinos did not provide the correct file number on the second motion, i.e., 14-cr-289 (SRN/ECW), the Clerk of Court properly filed the motion in this criminal matter.

I.  BACKGROUND

On August 10, 2015, Mr. Sotelo-Valdovinos pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Aug. 10, 2015 Minute Entry [Doc. No. 303].) The Court sentenced him to a 75-month term of imprisonment, with no supervision to follow. (Sentencing J. [Doc. No. 494] at 2.)

Mr. Sotelo-Valdovinos now moves for expungement, stating,

> Based on the of [sic] 02/15/2019, he simply respectfully request[s] that the Court issue a formal Order that the arrest for the offenses, the institution of criminal proceedings against the defendant in Federal Court, and the results thereof, be expunged from all official records, except the non-public records to be retained by the[] Department of Justice pursuant to 18 U.S.C. § 3607(b).

(Mots. for Expungement at 2.) He asserts that he makes the request "[h]aving complied with the period of supervis[ed] release order[ed] by the [Court]" and that he "has completed the orderly Supervised Probationary Period." (*Id.*)

II.  DISCUSSION

"[F]ederal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). While a defendant may move for expungement of a criminal record pursuant to statutory authority,[2] the Eighth Circuit has held that "a motion to expunge a criminal record that is based solely on equitable grounds does not invoke the ancillary jurisdiction of the district court." *United States v. Meyer*, 439 F.3d

---

[2] *See, e.g.*, 18 U.S.C. § 3607(c) (providing that certain persons who were under age 21 at the time of an offense for drug possession, and who meet other qualifying criteria, may seek expungement); *see also United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000) (noting power to expunge a criminal record may arise under the Civil Rights Act, habeas corpus statutes, a portion of the All Writs Act, or the Constitution itself).

855, 860 (8th Cir. 2006). Rather, ancillary jurisdiction may be invoked only to "expunge[e] the record of an unlawful arrest or conviction or to correct a clerical error." *Id.* at 861.

Mr. Sotelo-Valdovinos does not invoke the Court's jurisdiction based on statutory or constitutional authority.[3] Instead, he provides only an equitable basis for relief, stating that he has complied with "the period of supervis[ed] release."[4] (Mots. for Expungement at 1.) He does not argue that a clerical error occurred or that his conviction was unlawful. Accordingly, because the Court lacks jurisdiction to grant the requested relief, Mr. Sotelo-Valdovinos' motions are respectfully denied.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**

1. The Pro Se Motions for Expungement [Doc. Nos. 738 & 739] filed by Jesus Sotelo-Valdovinos are **DENIED**.

Date: March 22, 2024

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge

---

[3] Mr. Sotelo-Valdovinos' motions appear to contain a missing word or phrase, as he states, "Based on the [_] of 02/15/2019." (Mots. for Expungement at 2.) To the extent he intended to refer a statute or other constitutional authority, it is not identified.

The Court has also reviewed the docket in this case and finds no entries for February 15, 2019.

[4] The Court notes that his sentence did not include a period of supervised release.